In re Thomas Williams SLAMANS, d/b/a Tom W. Slamans, Tom Slamans Distributor, Debtor.

SUN COMPANY, INC., Plaintiff,

v.

Thomas Williams SLAMANS, et al., Defendants.

Bankruptcy No. 92–00652–C.
Adv. No. 92–0146–C.

United States Bankruptcy Court, N.D. Oklahoma.

Dec. 16, 1992.

Eugene J. Chikowski, Malvern, PA, for plaintiff.

J. Philip Adamson, Tulsa, OK, for debtor.

Robert Inglish, Okmulgee, OK, Lyle R. Nelson, Oklahoma City, OK, for First Nat. Bank CCF, Inc.

## MEMORANDUM OPINION

STEPHEN J. COVEY, Chief Judge.

This matter comes on to be heard upon an interpleader complaint filed by Sun Company, Inc. ("Sun Company") asking that this Court determine who is entitled to $111,053.41 in its possession. Cross Motions for Summary Judgment were filed by CCF, Inc., ("CCF") and First National Bank of Okmulgee ("FNB"). Summary judg-

ment is proper when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Upon review of the briefs of the parties and the applicable law, the Court finds as follows.

The sole issue presented by the motions is whether FNB is subrogated to the rights of Sun Company and therefore entitled to the entire $111,053.41.[1]

## FINDINGS OF FACT

The pertinent facts which are not in dispute are as follows:

1. Thomas William Slamans and Tom Slamans, Inc. ("Debtor") are both in bankruptcy.[2]

2. Debtor was engaged in the sale of oil products and distribution thereof.

3. On December 20, 1990, Debtor entered into a distributor agreement with Sun Company for the purchase of oil products. As part of the agreement, Sun Company required Debtor to obtain a letter of credit.

4. On February 6, 1991, FNB issued an irrevocable letter of credit to Debtor in favor of Sun Company in the amount of "a sum not to exceed $200,000.00." The letter of credit provided that FNB agreed to pay Sun Company for oil products purchased by Debtor under the distributor agreement. The letter of credit was secured by a note, mortgage and security agreement covering Debtor's account receivables.

5. Under the distributor agreement, Debtor purchased oil products from Sun Company on credit and then sold them for cash or by credit card purchase. When the sales were made by credit card purchase, the charge slips were sent to Sun Company who would in turn reimburse Debtor for the amount of the credit card purchases provided Debtor did not owe Sun Company for goods purchased.

6. Because Debtor failed to pay Sun Company for products purchased, Sun Company drew upon the letter of credit issued by FNB on March 9, 1992, in the amount of $192,433.15. At that time, Sun Company owed Debtor $111,053.41 from proceeds collected from credit card charge slips.

7. On March 11, 1992, FNB honored the letter of credit and paid to Sun Company $192,433.15. That same date FNB made demand upon Sun Company to turn over any amount it owed to Debtor.

8. Sun Company filed this action on May 8, 1992, to determine who is entitled to the proceeds from the charge slips in the amount of $111,053.41.

## CONCLUSIONS OF LAW

FNB contends that it is entitled to the funds because it is subrogated to the rights of Sun Company against Debtor. FNB points out that at the time Sun Company drew upon the letter of credit for $192,-433.15, it owed Debtor $111,053.41 for credit card sales. If Sun Company had not drawn upon the letter of credit, Sun Company would have had a right of setoff against Debtor because Debtor owed Sun Company more than it owed Debtor. However, once Sun Company drew upon the letter of credit, FNB contends that it became subrogated to Sun Company's rights against Debtor which included Sun Company's right to setoff.

If FNB is entitled to be subrogated to the rights of Sun Company, FNB is entitled to the full amount Sun Company currently owes Debtor. If FNB is not entitled to subrogation, then the Court will have to determine the interests of the other competing claimants.

Section 509 of the Bankruptcy Code provides in pertinent part as follows:

---

1. If subrogation is not allowed, the Court must determine in subsequent litigation whether the fund should be paid to CCF, the Internal Revenue Service or Security Bank of Tulsa who claim competing contractual and statutory claims against the fund.

2. Thomas William Slamans filed for relief under Chapter 11 of the Bankruptcy Code on February 28, 1992. An involuntary petition was filed against Tom Slamans, Inc., on June 5, 1992. For purposes of this Memorandum Opinion the individual case and the corporate case are consolidated.

**Section 509. Claims of codebtors**

(a) Except as provided in subsection (b) or (c) of this section, an entity that is liable with the debtor on, or that has secured, a claim of a creditor against the debtor, and that pays such claim, is subrogated to the rights of such creditor to the extent of such payment.

 Under the plain language of the Bankruptcy Code, § 509(a) applies to any entity that is *"liable with* the debtor on ... a claim of a creditor against the debtor" and who pays the claim. "Liable with" means that the parties are liable to the same creditor at the same time on the same debt. The word "with" has been defined as "[s]ometimes equivalent to the words 'in addition to.'" BLACK'S LAW DICTIONARY 1436 (5th ed. 1979). An issuer of a letter of credit is liable to a creditor under the terms of the letter of credit. The debtor is also liable to the creditor under a different agreement. Therefore an issuer of a letter of credit is clearly liable with, or in addition to, the debtor on a claim.

 In this case, FNB and Debtor were both primarily liable to Sun Company: Debtor under the Distributor Agreement and FNB under the terms of the letter of credit. FNB was clearly "liable with" Debtor. Therefore, under § 509(a) of the Bankruptcy Code, FNB is subrogated to the rights of Sun Company to the extent of its payment.

 Prior to drawing upon the letter of credit, Sun Company had a right to setoff against Debtor for sums Debtor owed to it. Once Sun Company drew upon the letter of credit, under § 509(a) FNB "stepped into the shoes" of Sun Company and acquired Sun Company's right to setoff against Debtor.

The Supreme Court and the Tenth Circuit have held that where a statute is unambiguous the courts should apply it according to the plain meaning of its terms.[3] The provisions of § 509(a) are clear and unambiguous. Any entity that is "liable with" the debtor is subrogated to the rights of the creditor to the extent it pays the claim. Section 509(a) makes no distinction between primary and secondary liability with the debtor on the claim. The Bankruptcy Code merely requires that the entity be "liable with" the debtor.

CCF, in support of its motion, relies upon the line of cases which hold that issuers of letters of credit are not entitled to subrogation rights under either the Bankruptcy Code or common law. *See In re Agrownautics*, 125 B.R. 350 (Bankr.D.Conn.1991); *In re Carley Capital Group*, 119 B.R. 646 (W.D.Wis.1990); *In re East Texas Steel Facilities, Inc.*, 117 B.R. 235 (Bankr. N.D.Tex.1990); *In re Kaiser Steel Corp.*, 89 B.R. 150 (Bankr.D.Colo.1988). Those courts rely on the common law rule that an issuer of a letter of credit is primarily, rather than secondarily, liable to pay the claim and therefore not entitled to equitable subrogation.

[5] This Court respectively declines to follow this line of cases and holds that under the plain language of § 509(a), FNB is entitled to be subrogated to the rights of Sun Company. Several courts have reached the same conclusion as this Court does today. *See In re Minnesota Kicks, Inc.*, 48 B.R. 93 (Bankr.D.Minn.1985); *In re Sensor Systems, Inc.*, 79 B.R. 623 (Bankr. E.D.Pa.1987); *In re Valley Vue Joint Venture*, 123 B.R. 199 (Bankr.E.D.Va.1991). The provisions of § 509(a) do not draw a distinction between codebtors that are primarily or secondarily liable with the debtor. Therefore, this Court will not read such a distinction into the Bankruptcy Code.

**3.** *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989); *Federal Reserve System v. MCorp Financial, Inc.*, —— U.S. ——, 112 S.Ct. 459, 116 L.Ed.2d 358 (1991); *Union Bank v. Wolas (In re: ZZZZ Best Co.)*, —— U.S. ——, 112 S.Ct. 527, 116 L.Ed.2d 514 (1991); *Holywell Corp. v. Smith*, —— U.S. ——, 112 S.Ct. 1021, 117 L.Ed.2d 196 (1992); *U.S. v. Nordic Village, Inc.*, —— U.S. ——, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992); *Connecticut National Bank v. Germain*, —— U.S. ——, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992); *Barnhill v. Johnson*, —— U.S. ——, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992); *Taylor v. Freeland & Kronz*, —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992); *Patterson v. Shumate*, —— U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992) and *United States v. Brittain*, 931 F.2d 1413 (10th Cir.1991).

Because FNB is subrogated to the rights of Sun Company, it is entitled to the full amount of the $111,053.41 Sun Company owes Debtor. Consequently none of the other claimants are entitled to the fund.

The Court notes that without the letter of credit there would be no account receivable owing from Sun Company to Debtor and therefore there would be no fund available for the other claimants to make a claim against. There is no reason why these claimants should be better off because a letter of credit was issued and drawn upon.

A separate judgment order will be entered consistent with this Memorandum Opinion.